## ALLEN v. HUNT.

1. Breaches need not be assigned on a bail bond.
2. A bail bond taken for an amount greater than the sum sworn to is good, and upon it the debt, interest, and costs of the original suit may be collected, although they exceed the sum sworn to.

A judgment having been obtained by Allen, in Salem Circuit Court, against Hunt, upon a bail bond for the sum of two hundred and sixteen dollars, the penalty thereof, the same was affirmed in the Supreme Court and in the Court of Errors. A *remittitur* having been filed in the clerk's office of the Supreme Court, the plaintiff in the original action issued his execution, in pursuance of the judgment affirmed, for the penalty of the bond, together with the costs of the affirmance in the Supreme Court and the Court of Errors. This execution was endorsed to levy $211.09, in conformity to a statement put on file by the attorney of the plaintiff. This sum comprised interest on the original debt sworn to, and the costs of the original action, and interest thereon. The sum sworn to in the original action was $116.

At the last term, a rule was granted to the original defendant, Hunt, that the plaintiff show cause at this term why the execution should not be set aside, or, if not set aside, why the

sum endorsed to be levied should not be reduced to the sum sworn to and costs.

Argued before ELMER and POTTS, Justices.

*Vroom*, for defendant.   The execution ought to be set aside, and a writ of inquiry issue to assess the damages, pursuant to the statute.   *Rev. Stat.* 802, § 5, 6.

The sum endorsed ought not to exceed the sum sworn and costs.   The sheriff is required to take the bail bond for the sum sworn to, *and no more*.   *Rev. Stat.* 951, § 1.   And see *Penn. R.* 717.

*Allen*, contra, cited 1 *East* 436 ; 2 *John. Cas.* 240 ; 2 *Green* 74 ; 4 *Harr.* 144.

ELMER, J.   It is well settled that the statute for assigning breaches does not apply to a bail bond.   2 *Saund.* 187 ; 2 *Bos. & Pull.* 446 ; 2 *Green* 75.   And if it did, it is too late to raise this objection now.   Final judgment was entered in the Circuit Court without such assignment, and this judgment has been affirmed by the superior courts.   If there was error in the original judgment in this particular, that error should have been assigned and insisted on in the Supreme Court or Court of Errors.   The execution conforms to the judgment, as affirmed.

The sheriff, it seems, took the bail bond with a penalty greater than the sum sworn to, although less than double that sum, as, it was held in the case of *Ellis* v. *Robinson*, 2 *Penn.* 707, he may lawfully do.   The plaintiff claims now to collect, and has endorsed the execution to levy the sum actually due to him and the costs of the original action, being in amount less than the penalty of the bond, but exceeding, of course, the sum originally sworn to.   This is in conformity with the settled practice.   2 *Saund.* 61, *a ;* 2 *Lord Raymond* 1564 ; 2 *Hen. Bl.* 76 ; *Cowp.* 71 ; *Douglass* 330.

It is according to the justice of the case.   The bail have delayed the collection of the debt, and ought not to object to paying the interest that has accrued, not exceeding the penalty

of the bond in which they voluntarily bound themselves. The rule to show cause must be discharged, with costs.

POTTS, J., concurred.